**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

BRADLEE RATLIFF,
ADC #128371                                                                                                     PLAINTIFF

v.                                            2:14CV00133-JM-JTK

DANNY BURL, et al.                                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.     Introduction**

Plaintiff Bradlee Ratliff is a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against three named Defendants, but did not include specific allegations of constitutional violations by any of the individuals (Doc. No. 2). By Order dated December 4, 2014 (Doc. No. 5), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit and provided him the opportunity to amend his Complaint. Plaintiff has not responded to the Order.

Having reviewed Plaintiff's Original Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

2

or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Facts and Analysis

In his Complaint, Plaintiff alleges excessive noise at his Unit, but does not include specific allegations against the three named Defendants. As noted in the December 4, 2014 Order, to support an Eighth Amendment claim for relief, Plaintiff must allege that the condition was objectively, sufficiently serious, and that the punishment imposed amounted to the "denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 425 U.S. 337, 347 (1981)). In addition, Plaintiff must allege that Defendants acted with deliberate indifference to his need for health and safety. Farmer, 511 U.S. at 834.

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not

3

violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994)). An inmate who slept without a mattress or blanket for four days on a concrete slab in the winter was not denied the minimal civilized measures of life's necessities, in O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996). Furthermore, placement in a strip cell without clothes, water, mattress, pillow, sheets or blanket for four days was found not unconstitutional in Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995). Finally, in Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995), the court held that plaintiff failed to support a constitutional claim for relief based on his placement in a strip cell without clothes, water, a mattress or blanket for two days, when he provided no evidence that he suffered any injury or adverse health consequences or that the Defendants knew of and disregarded an excessive risk to his health and safety.

In this case, Plaintiff's Original Complaint fails to support an Eighth Amendment claim for relief. Plaintiff does not allege he was deprived of an identifiable human need such as food, warmth, or exercise. See Whitnack v. Douglas County, 16 F.3d at 957. Absent additional allegations against the three named individuals, the Court finds that the Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 8th day of January, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.